UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MYRIAM ZAYAS,

              Plaintiff,

v.

DEPARTMENT OF CHILDREN, YOUTH & FAMILIES,

              Defendants.

Case No. C20-981 JLR-TLF

REPORT AND RECOMMENDATION

Noted for January 29, 2021

This matter comes before the Court on plaintiff's motion for joinder. Dkt. 33. This matter has been referred to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a)(4); Dkt. 36. For the reasons set forth below, the Court should deny plaintiff's motion for joinder. Dkt. 33.

Plaintiff brings the pending motion requesting that the Court add her son as a plaintiff in this action because her son "would be vital in being able to bring the allegations from 2009-2015 in the complaint." Dkt. 33. Defendants have opposed plaintiff's motion. Dkt. 35. Plaintiff did not file a reply in support of her motion.

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure 19, a party whose joinder will not deprive the court of subject matter jurisdiction must be joined as a party if:

REPORT AND RECOMMENDATION - 1

   (A) in that person's absence, the court cannot accord complete relief among existing parties; or
   (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
    (i) as a practical matter impair or impede the person's ability to protect the interest; or
    (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Additionally, if a person is required to be joined under Rule 19(a)(1), the Court must order that the person be made a party. Fed. R. Civ. P. 19(a)(2).

  Under Rule 20, a person may, but is not required to, join an action as a plaintiff if:

   (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
   (B) any question of law or fact common to all plaintiffs will arise in the action.

  Here, plaintiff seeks to add her son as a plaintiff in this action. Dkt. 33. Plaintiff's son has not filed a motion to join or otherwise requested to join this action as a plaintiff. Instead, plaintiff is asking the Court to issue an order making her son a party to this action. Accordingly, it appears that plaintiff is asking the Court to add her son as a required party under Rule 19.

  Plaintiff's motion states that adding her son will be "vital" to her ability to bring her claims. Dkt. 33. Plaintiff does not explain how adding her son as a party to this action will assist her in being able to bring her own claims. Additionally, plaintiff's motion does not explain how the Court is prevented from according complete relief to the existing parties without her son as a plaintiff. Similarly, the motion does not state that plaintiff has any interest in the subject of the action, that the absence of her son will impede his ability to protect his own interest or how the absence of her son will leave an existing

REPORT AND RECOMMENDATION - 2

party subject to inconsistent obligations. Accordingly, based on plaintiff's motion, it does not appear that plaintiff's son is a required party that must be joined under Rule 19.

Further, plaintiff's motion states that she seeks to add her son to assist her in raising her own claims. Plaintiff does not allege that her son will assert his own right to relief arising from the same series of transactions or occurrences in plaintiff's complaint. Accordingly, even if plaintiff's son sought to join this action under Rule 20, permissive joinder would be improper.

## CONCLUSION

Based on the foregoing discussion, the Court should deny plaintiff's motion for joinder (Dkt. 33) without prejudice.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); FRCP 6; FRCP 72(b)(2). Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). If objections are filed, the parties shall have **fourteen (14) days** from the service of the objections to file a response. FRCP 72(b)(2). Accommodating this time limitation, this matter shall be set for consideration on January 29, 2021, as noted in the caption.

Dated this 11th day of January, 2021.

Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3