UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MYRIAM ZAYAS, | CASE NO. C20-0981JLR-TLF |
| Plaintiff, | ORDER |
| v. | |
| DEPARTMENT OF CHILDREN YOUTH AND FAMILIES, et al., | |
| Defendants. | |

## I.   INTRODUCTION

This matter comes before the court on the Report and Recommendation of United States Magistrate Judge Theresa L. Fricke (R&R (Dkt. # 57)) and *pro se* Plaintiff Myriam Zayas's objections thereto (Obj. (Dkt. # 58).) Magistrate Judge Fricke recommends that the court grant Defendants Shea Hophauf and Jamia McRae's (collectively, "Defendants") motion to dismiss Ms. Zayas's fifth amended complaint. (R&R at 22; MTD (Dkt. # 40); 5th Am. Compl. (Dkt. # 32).) Defendants filed a response to Ms.

ORDER - 1

Zayas's objections.[1] (Resp. (Dkt. # 59).) Having carefully reviewed all of the foregoing, all other relevant documents, and the governing law, the court ADOPTS in part and MODIFIES in part the Report and Recommendation.

## II.   ANALYSIS[2]

A district court has jurisdiction to review a Magistrate Judge's report and recommendation on dispositive matters. Fed. R. Civ. P. 72(b). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *Id.* "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The court reviews de novo those portions of the report and recommendation to which specific written objection is made. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). "The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *Id.* Because Ms. Zayas is proceeding *pro se*, this court must interpret her complaint and objections liberally. *See Bernhardt v. Los Angeles Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003).

//
//
//

---

[1] Defendants did not file their own objections to the Report and Recommendation. (*See generally* Dkt.)

[2] The court ADOPTS Magistrate Judge Fricke's detailed discussion of the factual and procedural background of this case. (*See* R&R at 1-5.)

As an initial matter, Ms. Zayas's objections are untimely. Magistrate Judge Fricke provided Ms. Zayas 14 days to file written objections to the Report and Recommendation. (R&R at 22 (citing 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)).) Thus, Ms. Zayas's objections were due no later than Friday, August 20, 2021. (*See id.*) Ms. Zayas, however, did not file her objections until Monday, August 23, 2021. (*See* Obj.) Although Ms. Zayas is proceeding *pro se* in this matter, she must follow the same rules of civil procedure that govern litigants who are represented by counsel. *Banks v. Soc'y of St. Vincent De Paul*, 143 F. Supp. 3d 1097, 1101 (W.D. Wash. 2015). Accordingly, the court STRIKES Ms. Zayas's late-filed objections.

Even if Ms. Zayas had timely filed her objections, the court would nevertheless deny those objections and adopt the Report and Recommendation. Although Ms. Zayas does not specifically identify the recommendations to which she objects, the court liberally construes her objections as taking issue with Magistrate Judge Fricke's recommendation that the court dismiss her 42 U.S.C. § 1983 equal protection, due process, and search and seizure claims and her 42 U.S.C. § 1985 conspiracy claim. (*See generally* Obj.) The court has considered Magistrate Judge Fricke's recommendations de novo in light of those objections. Ms. Zayas's objections do not raise any novel issues that were not addressed by Magistrate Judge Fricke's Report and Recommendation. Moreover, the court has thoroughly examined the record before it and finds Magistrate Judge Fricke's reasoning persuasive in light of that record. Therefore, the court

ADOPTS the Report and Recommendation with respect to the motions and claims discussed therein.

The court, however, MODIFIES the Report and Recommendation in one respect. Although Defendants moved to dismiss Ms. Zayas's state-law intentional infliction of emotional distress ("IIED") claim (*see* MTD at 18-19), the Report and Recommendation does not address that claim (*see generally* R&R). Ms. Zayas lists IIED in the caption of her fifth amended complaint but does not otherwise discuss the claim in her complaint. (*See* 5th Am. Compl. at 1; *see generally id.*) The court agrees with Defendants that where, as here, a plaintiff bases her common law IIED claim on the same facts upon which she bases her civil rights claims, the IIED claim must be dismissed. *See Ellorin v. Applied Finishing, Inc.*, 996 F. Supp. 2d 1070, 1093-94 (W.D. Wash. 2014) (dismissing plaintiff's IIED claim because it was based on same factual allegations as her civil rights claims). Accordingly, the court MODIFIES the Report and Recommendation and DISMISSES Ms. Zayas's IIED claim with prejudice.

### III.   CONCLUSION

For the foregoing reasons, the court ADOPTS in part and MODIFIES in part Magistrate Judge Fricke's Report and Recommendation (Dkt. # 57), as follows:

1. The court GRANTS Defendants' motion to strike Ms. Zayas's second through sixth briefs in response to Defendants' motion to dismiss. (*See* MTD Reply (Dkt. # 49) at 2-3; 2d Resp. Br. (Dkt. # 47); 3d Resp. Br. (Dkt. # 48); 4th Resp. Br. (Dkt. # 50); 5th Resp. Br. (Dkt. # 56); *see* R&R at 5-6).)

2. The court GRANTS Defendants' motion to strike the following exhibits attached to Ms. Zayas's first response to its motion to dismiss: Exhibit 0429, Exhibit 0624, Exhibit 1102, and the last two pages of Exhibit 0317. (*See* MTD Reply at 3-4; 1st Resp. Br. (Dkt. # 44); R&R at 7-10.)

3. The court GRANTS Defendants' request to take judicial notice of six exhibits attached to the January 15, 2021 Declaration of Brendan Lenihan. (Req. for J. Not. (Dkt. # 40-1); Lenihan Decl. (Dkt. # 41) ¶¶ 2-7, Exs. 1-6; *see* R&R at 10-12.)

4. The court GRANTS Defendants' motions to strike Ms. Zayas's sixth and seventh amended complaints. (MTS 6th Am. Compl. (Dkt. # 53); MTS 7th Am. Compl. (Dkt. # 55); 6th Am. Compl. (Dkt. # 52); 7th Am. Compl. (Dkt. # 54); *see* R&R at 6-7.)

5. The court GRANTS Defendants' motion to dismiss Ms. Zayas's 18 U.S.C. § 242, RCW 42.20.100, and intentional infliction of emotional distress claims. (MTD at 18-19; R&R at 20; *supra* at 4.) The court DISMISSES these claims with prejudice.

6. The court GRANTS Defendants' motion to dismiss Ms. Zayas's 42 U.S.C. §§ 1983 and 1985 claims. (MTD at 12-18; R&R at 15-19, 21-22.) The court DISMISSES these claims without prejudice and with leave to amend.

Ms. Zayas may file an amended complaint that addresses the deficiencies identified herein and in Magistrate Judge Fricke's Report and Recommendation within 21 days of the filing date of this order. The Clerk is DIRECTED to send copies of this order to the parties and to Magistrate Judge Fricke.

//

//

Dated this 8th day of September, 2021.

JAMES L. ROBART
United States District Judge