1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10   MYRIAM ZAYAS,                              CASE NO. C20-0981JLR-TLF

11                          Plaintiff,          ORDER
             v.
12
     DEPARTMENT OF CHILDREN
13   YOUTH AND FAMILIES, et al.,

14                          Defendants.

15

## I.   INTRODUCTION

16

17        Before the court is *pro se* Plaintiff Myriam Zayas's "Statement of Facts," which

18   she filed on October 3, 2022.  (Statement (Dkt. # 66).)  The court liberally construes her

19   filing as either a request for relief from the judgment under Federal Rule of Civil

20   Procedure 60(b) or as a motion for reconsideration under Local Rules W.D. Wash. LCR

21   7(h).  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is 'to be

22   liberally construed'[.]") (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  Because

1  Ms. Zayas's filing does not satisfy the requirements of either Rule 60(b) or LCR 7(h), the

2  court DENIES Ms. Zayas's "Statement of Facts."

3  **II.     BACKGROUND**

4          Ms. Zayas filed this case on June 18, 2020, alleging that Defendants the

5  Department of Children Youth and Families ("DYCF"), Jamia McRae, Kejana Black, and

6  Lonette Dominguez violated her civil rights.  (Compl. (Dkt. # 1).)  She amended her

7  complaint several times over the following months.  (*See generally* Dkt.)  On September

8  5, 2020, Ms. Zayas amended her complaint to add claims against Defendant Shea

9  Hopfauf.  (3rd Am. Compl. (Dkt. # 18).)  On October 5, 2020, Ms. Zayas and Defendants

10  DYCF, Ms. Black, and Ms. Dominguez stipulated to the dismissal with prejudice of Ms.

11  Zayas's claims against those Defendants.  (Stip. (Dkt. # 26).)  Ms. Zayas subsequently

12  filed her fourth and fifth amended complaints.  (4th Am. Compl. (Dkt. # 25); 5th Am.

13  Compl. (Dkt. # 32).)

14          On January 15, 2021, the remaining Defendants moved to dismiss Ms. Zayas's

15  claims against them.  (MTD (Dkt. # 40) (moving to dismiss Ms. Zayas's fifth amended

16  complaint).)  Ms. Zayas filed multiple responses to Defendants' motion, both before and

17  after Defendants filed their reply in support of their motion.  (*See generally* Dkt.)  She

18  also filed sixth and seventh amended complaints without seeking the court's leave to do

19  so.  (6th Am. Compl. (Dkt. # 52); 7th Am. Compl. (Dkt. # 54).)

20          On August 6, 2021, Magistrate Judge Theresa L. Fricke issued a report and

21  recommendation in which she recommended that the court grant Defendants' motion to

22  dismiss.  (*See generally* R&R (Dkt. # 57).)  She also recommended that the court strike

1   Ms. Zayas's sixth and seventh amended complaints.  (*Id.* at 7.)  On September 8, 2021,

2   the court adopted in part and modified in part Magistrate Judge Fricke's report and

3   recommendation over Ms. Zayas's objections.  (9/8/21 Order (Dkt. # 60); *see* Obj. (Dkt.

4   # 58).)  In relevant part, the court (1) struck Ms. Zayas's sixth and seventh amended

5   complaints; (2) dismissed Ms. Zayas's 18 U.S.C. § 242, RCW 42.20.100, and intentional

6   infliction of emotional distress claims with prejudice and without leave to amend; and

7   (3) dismissed Ms. Zayas's 42 U.S.C. §§ 1983 and 1985 claims without prejudice and with

8   leave to amend.  (9/8/21 Order at 5.)  The court directed Ms. Zayas to file an amended

9   complaint that addressed the deficiencies identified in the report and recommendation

10   within 21 days of entry of its order.  (*Id.*)  Thus, Ms. Zayas's amended complaint, if any,

11   was due by September 29, 2022.

12       Ms. Zayas did not further amend her complaint, although the court gave her leave

13   to do so.  (*See generally* Dkt.)  Accordingly, on October 12, 2021, the court dismissed

14   Ms. Zayas's claims with prejudice and without leave to amend and entered judgment in

15   favor of Defendants.  (10/12/21 Order (Dkt. # 62); Judgment (Dkt. # 63).)

16               **III.   ANALYSIS**

17       To the extent that her filing can be liberally construed as a request for relief from a

18   final judgment under Rule 60(b) of the Federal Rules of Civil Procedure, Ms. Zayas has

19   not shown that she meets the grounds for relief in this case.  Under Rule 60(b), the court

20   may relieve a party from a final judgment, order, or proceeding for the following reasons:

21          (1) mistake, inadvertence, surprise, or excusable neglect; (2)
              newly discovered evidence that, with reasonable diligence,

22          could not have been discovered in time to move for a new trial

under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  A Rule 60(b) motion must be made "within a reasonable time" and for the first three listed reasons, no more than a year after entry of judgment.  Fed. R. Civ. P. 60(c).

Ms. Zayas's filing asserts that her federal court cases may have been improperly dismissed because she filed "too many amended complaints." (Statement at 2.)  The court, however, provided Ms. Zayas detailed reasons for why it was dismissing her case; granted her leave to file another amended complaint that addressed the deficiencies identified in the report and recommendation; provided her 21 days to make that filing; and waited an additional two weeks before dismissing the case with prejudice.  (*See* 9/8/21 Order; 10/12/21 Order.)  Thus, Ms. Zayas's reasoning does not apply to the court's order dismissing her case.  Therefore, to the extent Ms. Zayas's filing can be liberally construed as a request for relief from judgment under Rule 60(b), the court denies it.

To the extent that her filing could be liberally construed as a motion for reconsideration under LCR 7(h), Ms. Zayas has not shown that she meets the grounds for reconsideration in this case.  "Motions for reconsideration are disfavored," and the court "will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been

ORDER - 4

1   brought to its attention earlier with reasonable diligence." LCR 7(h)(1). Ms. Zayas has

2   made neither showing here. Further, a motion for reconsideration must "be filed within

3   fourteen days after the order to which it related is filed." LCR 7(h)(2). Ms. Zayas filed

4   her "Statement of Facts" well outside of this period. Therefore, to the extent that

5   Plaintiff's filing could be liberally construed as a motion for reconsideration under LCR

6   7(h), the court denies it.

### IV.   CONCLUSION

8        For the foregoing reasons, to the extent Ms. Zayas's filing can be liberally construed

9   as a motion for relief under Rule 60(b) or as a motion for reconsideration under LCR 7(h),

10   the court DENIES Ms. Zayas's "Statement of Facts" (Dkt. # 66).

11       Dated this 5th day of October, 2022.

13   _____

14   JAMES L. ROBART
     United States District Judge